United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-31104
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MACK F. SLATE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(00-CR-20058-6)

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mack F. Slate appeals his conviction for conspiracy to possess with intent to distribute cocaine base and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Slate contends the district court erred by: (1) allowing into evidence a "mugshot" of Slate; and (2) prior to the admission of that photograph, denying his motion for mistrial after a Government witness testified that Slate had a criminal record. Both issues

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are reviewed for abuse of discretion. *United States v. Carrillo*, 20 F.3d 617, 620 (5th Cir.), *cert. denied sub nom.*, 513 U.S. 901 (1994)(admission of photograph); *United States v. Millsaps*, 157 F.3d 989, 993 (5th Cir. 1998)(denial of motion for mistrial).

The Government had a demonstrable need to introduce the photograph; it had no identifying marks or features that would indicate it was a "mugshot"; there was no testimony concerning the source of the photograph; and the timing of its introduction would not lead to the conclusion that it was a "mugshot". Accordingly, its admission was not an abuse of discretion. *See Carrillo*, 20 F.3d at 620.

In the light of the substantial evidence against Slate, he has not demonstrated there is a significant possibility that the prejudicial remark by the Government witness had a substantial impact on the jury's verdict. *See United States v. Paul*, 142 F.3d 836, 844 (5th Cir.), *cert. denied*, 525 U.S. 919 (1998). Moreover, the district court issued a curative instruction. *See Millsaps*, 157 F.3d at 993. Accordingly, there was no abuse of discretion in denying a mistrial. *See Paul*, 142 F.3d at 844.

*AFFIRMED*